# C. P. WHITEHEAD, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23948.   Promulgated April 10, 1928.

*D. J. Gantt, Esq.,* for the petitioner.
*A. S. Lisenby, Esq.,* for the respondent.

462

TRAMMELL: The only question in this case is what was the readily realizable market value of the real estate received by the petitioner in June of 1922, in exchange for the preferred stock in the Cadillac Co. of Atlanta. The petitioner in his income-tax return claimed a loss of $38,000, being the difference between the $100,000 paid for the stock and $62,000 which was considered by him at that time as the difference between the value of the real estate, $200,000, less the liens against it of $138,000. He now claims that the property received in exchange for the stock did not have a readily realizable market value in the amount of $200,000, and that it did not have such value in excess of $172,950. The testimony of real estate appraisers was introduced. The opinions of these men as to the readily realizable market value varied. One of them testified that it had a readily realizable market value of $172,950, and the other testified to a value somewhat less.

The respondent contended that the property had no readily realizable market value, but that if it did have such a value, it was in the amount of $238,000 and therefore the petitioner did not sustain a deductible loss in the exchange.

We are convinced that the property did have a readily realizable market value in June, 1922, when received by the petitioner, and that that value was $200,000, making the equity which the petitioner received $62,000, the amount of the valuation in excess of the liens against the property.

While we have given very serious consideration to the opinions of the real estate appraisers, in our opinion, other facts and circumstances in the case are entitled to greater weight. The property was acquired by the Cadillac Co. at a consideration of $200,000 approximately six months previously. We have considered the rental value of the property which is based upon actual figures. We have also considered the fact that the Cadillac Co. refused to accept an offer just prior to the conveyance to the petitioner in excess of the valuation placed by the witnesses on the property, upon the ground that it was not considered sufficient consideration, and we have also considered all the other evidence in the case. There was nothing to indicate that there was any reduction in value of property between December, 1921, and June, 1922. One of the stockholders of the Cadillac Co. who testified as a witness stated that the company considered that it was receiving $200,000 consideration from the petitioner in exchange for the property.

There was testimony to the effect that there were no sales of real estate in that immediate vicinity about June, 1922, and reliance was

placed on this fact to prove that the property had no readily realizable market value, but this testimony is not conclusive.

A witness who was connected with the Cadillac Co. stated:

We had parties to sell if Mr. Whitehead did not take it. * * * We had a party we were trying to interest in it at the time I think the deed was made that was going to give us around $200,000 for the property if we had not sold it. We did turn it over to him before we sold it. * * * We sold it to him before the other offers went through.

In answer to the question, " You did not sell it for $200,000, did you? ", the witness stated, " I guess it amounted to that." From all the testimony it is our opinion that the real estate in question had a readily realizable market value at the time received by the petitioner of $200,000.

*Judgment will be entered on 15 days' notice, under Rule 50.*